UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-22023-CIV-LENARD
MAGISTRATE JUDGE P. A. WHITE

KELLY CINEUS,                          :

       Plaintiff,               :        REPORT OF
                                                MAGISTRATE JUDGE
v.                                     :

DEAN LANG, ET AL.,                     :

       Defendants.              :
_____

## I.  Introduction

The plaintiff Kelly Cineus, currently incarcerated at the Eden Correctional Institution in Eden, Texas, has filed a pro se civil rights complaint seeking compensation for property seized at the time of his arrest which has not been returned to him.  [DE# 1]. The plaintiff is proceeding in forma pauperis.  [DE# 4].

## II.  Analysis

The plaintiff styles his complaint as arising under 42 U.S.C. §1983, however the plaintiff sues federal, not state, actors. Thus, this Complaint is construed as arising under Bivens v. Six Unknown Federal Narcotics Agents, 403 U.S. 388 (1971) ("Bivens").

This cause is presently before the Court for initial screening pursuant to 28 U.S.C. §1915, because the plaintiff is proceeding in forma pauperis.  As amended, 28 U.S.C. §1915 reads in pertinent part as follows:

Sec. 1915 Proceedings in Forma Pauperis

*    *    *

    (e)(2) Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –

         \*  \*  \*

    (B) the action or appeal –

         \*  \*  \*

    (i)  is frivolous or malicious;

    (ii) fails to state a claim on which relief may be granted; or

    (iii) seeks monetary relief from a defendant who is immune from such relief.

A complaint is "frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989); Bilal v. Driver, 251 F.3d 1346, 1349 (11 Cir.), cert. denied, 534 U.S. 1044 (2001). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," id., 490 U.S. at 327, or when the claims rely on factual allegations that are "clearly baseless." Denton v. Hernandez, 504 U.S. 25, 31 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). Mitchell v. Farcass, 112 F.3d 1483, 1490 (11 Cir. 1997)("The language of section 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)"). In order

to state a claim, a plaintiff must show that conduct under color of state law, complained of in the civil rights suit, violated the plaintiff's rights, privileges, or immunities under the Constitution or laws of the United States. <u>Arrington v. Cobb County</u>, 139 F.3d 865, 872 (11 Cir. 1998).

<u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."' <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1979) (quoting <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972)). The allegations of the complaint are taken as true and are construed in the light most favorable to Plaintiff. <u>Davis v. Monroe County Bd. Of Educ.</u>, 120 F.3d 1390, 1393 (11 Cir. 1997). The complaint may be dismissed if the plaintiff does not plead facts that do not state a claim to relief that is plausible on its face. <u>See</u> <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955 (2007)(retiring the oft-criticized "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim); <u>Watts v. FIU</u>, 495 F.3d 1289 (11 Cir. 2007). While a complaint attacked for failure to state a claim upon which relief can be granted does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." <u>Twombly</u>, 127 S.Ct. at 1964-65. The rules of pleading do "not require heightened fact pleading of specifics . . . ." The Court's inquiry at this stage focuses on whether the challenged pleadings "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."

Erickson v. Pardus, 127 S.Ct. 2197, 2200 (2007)(quoting Twombly, 127 S.Ct. at 1964).

In the Complaint, the plaintiff seeks to sue two court-appointed counsel assigned to defend him in a criminal action in this Court (Thomas F. Almon and Sheryl J. Lowenthal), the prosecuting Assistant United States Attorney (Lauryn Fleischer) and three ICE Agents (Dean Lang, Jason Knight and Mathew Vita).

The plaintiff alleges that property seized upon his arrest has never been returned to him, and he seeks compensatory damages.  On May 26, 2006 Cineus filed a Motion for Return of Property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure, seeking the return of personal items confiscated upon his arrest at the Fort Lauderdale International Airport.  United States v. Cineus, 05-60050-CR-JORDAN.  The Honorable Edwin G. Torres issued an Order on November 9, 2006 denying the Rule 41(g) motion, finding that the government had accounted for all property seized and did not act improperly.  The plaintiff now seeks to file a Bivens action, in which he must allege that the federal actors violated his constitutional rights and which permits him to seek compensatory damages.  In order to state a civil rights claim cognizable under §1983 or Bivens, a plaintiff must allege that (1) he was deprived of a right secured by the Constitution or law of the United States; and (2) the deprivation was caused by one acting under color of state or federal law.

The plaintiff alleges generally that the defendants deprived him of his personal property in violation of his right to due process.  The plaintiff states that he instructed his first court-appointed counsel, not a defendant, to obtain his property from the government.  When the first counsel made no progress in obtaining

4

the property, the court appointed Almon to represent the plaintiff. The plaintiff states that Almon turned over some of his personal property to Lowenthal, the plaintiff's third defense counsel.  The plaintiff states that Lowenthal turned over ten percent of his property to his family.   The plaintiff further alleges that Lowenthal wrote to Lang, who told her all items had been turned over to Almon.   The plaintiff raises no specific allegations of wrongdoing against any of three ICE agents and mentions only Lang in the body of the complaint, stating only that Lang was contacted by Lowenthal.  In the preliminary section of the complaint entitled "Parties," the plaintiff states that Lang "is responsible for the operation in which the wrongful actions against the plaintiff took place;" Vita "was present and active in the wrongful actions against the plaintiff" and Knight "was present and active in the wrongful actions against the plaintiff."  The plaintiff also states that Fleischer "failed in her duty as a government attorney in allowing the other defendants to freely and wrongfully deny the plaintiff the use and possession of his property."

The plaintiff's claim against his former defense attorneys are not cognizable in this action.  Bivens and 42 U.S.C. §1983 affords redress only for conduct committed by a person acting under color of federal or state law.   It is well established that neither appointed nor retained counsel acts under color of state law in representing a defendant at trial or on direct appeal.  See Polk County v. Dodson, 454 U.S. 312, 325 (1981) (holding that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding); McLeod v. Knowles, 189 Fed. Appx. 297, 2006 WL 1738286, *1 (5 Cir. 2006) (unpublished per curiam) (extending Polk County v. Dodson to a Bivens action against court appointed counsel).  As such the conduct of Almon and Lowenthal in

representing the plaintiff in his federal criminal proceedings is not cognizable in this action.  The plaintiff cannot state a claim that Almon and Lowenthal were acting under the color of federal law in connection with their role in attempting to secure the return of his seized property.

The plaintiff has raised absolutely no factual allegations in the body of the complaint to state a claim that any of the federal actors deprived him of the right to due process.  The statements in the "Parties" section are also entirely too conclusory to state a claim for relief.  The plaintiff has failed to give sufficient detail so that any of these defendants can have an idea as to how they may have violated his constitutional or other rights.  Rule 8(a) of the Federal Rules of Civil Procedure requires that a civil complaint include "a short and plain statement of the grounds upon which the court's jurisdiction depends," and "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a).  The pleading must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Conley v. Gibson, 355 U.S. 41, 47 (1957).  The plaintiff has failed to comply with Rule 8 by failing to show how he is entitled to any relief.

In addition, it appears that any claims against Fleischer acting in the role of a prosecuting attorney are subject to dismissal.  Prosecutors performing "prosecutorial functions" receive absolute immunity and are therefore not subject to suit in a federal civil rights action.  See Imbler v. Pachtman, 424 U.S. 409 (1976).  Absolute prosecutorial immunity applies where a prosecutor's activities are "intimately associated with the judicial phase of the criminal process. . . ." Imbler, 424 U.S. at 430.  The plaintiff's conclusory allegations of wrongdoing by

6

Fleischer, even assuming they are true, are insufficient to remove her cloak of absolute immunity and subject her to civil liability.


III.   Conclusion


Based on the foregoing, it is recommended that the Complaint [DE# 1] be dismissed pursuant to 28 U.S.C. §1915(e)(2)(b)(ii), for failure to state a claim upon which relief can be granted.


Objections to this report may be filed with the District Judge within ten days of receipt of a copy of the report.


It is so recommended at Miami, Florida, this 30th day of July, 2008.

_____
UNITED STATES MAGISTRATE JUDGE

cc:   Kelly Cineus, Pro Se
      Reg. No.  65911-004
      Eden Correctional Institution
      Inmate Mail/Parcels
      702 East Broadway
      Eden, TX 76837